CLD-238                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1622
_____

MICHAEL R. SHIELDS,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 10-cv-01048)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2012

Before:  RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed:  August 17, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Michael R. Shields appeals, pro se, the District Court's dismissal of his complaint

for failure to prosecute.  Because we conclude that this appeal presents no substantial

question, we will summarily affirm.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In December 2010, Shields filed a pro se complaint in the District Court against the Commissioner of Social Security. Shields sought judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's denial of his request for Social Security benefits. On July 25, 2011, the District Court issued an order directing Shields to file a motion and brief for summary judgment within forty-five days. Shields did not comply, and on October, 5, 2011, the District Court issued an order to show cause why the cause of action should not be dismissed. Shields filed a one-paragraph response in which he stated that his health was declining and complaining of numerous ailments. On January 9, 2012, the District Court directed Shields to file a brief as to why summary judgment should not be granted. Shields filed another one-paragraph response, stating that he "should be able to get some help with [his] life," and complaining of illness. On February 8, 2012, the District Court dismissed the complaint without prejudice. Shields filed a timely notice appeal.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action sua sponte if a plaintiff fails to prosecute his case. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). We review a decision to dismiss for failure to prosecute for an abuse of discretion. See Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008).

Dismissal for failure to prosecute may be appropriately invoked only after analysis of several factors, including: (1) the extent of the party's personal responsibility; (2) the prejudice to the opposing party; (3) a history of dilatoriness; (4) whether the party acted willfully or in bad faith; (5) alternative sanctions; and (6) the meritoriousness of the claim

or defense.  Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

While not all of the factors need be met to find dismissal is warranted, dismissal is a

sanction of last resort.  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

Applying these factors, we do not see any prejudice to the Commissioner resulting

from Shield's failure to prosecute given that the record is complete and the parties need

only file summary judgment motions before the district court rules on the merits.

Additionally, there is nothing in the record suggesting that Shield's inaction was in bad

faith or that the District Court considered alternative sanctions.

However, Shields, who is proceeding pro se, is personally responsible for failing

to prosecute his case.  Shields has also shown a history of dilatoriness.  He did not

comply with the court's order directing him to file a motion for summary judgment.  His

only responses to the court's order to show cause and second memorandum order

directing him to file a brief on summary judgment were single paragraph responses

complaining of ill health.

It is somewhat difficult to evaluate the meritoriousness of his claim because

Shields never filed a brief.  The District Court did review the Administrative Law Judge's

decision, which acknowledged Shields's medical impairments, but discredited his

cardiologist's opinion that Shields could not work.  The District Court noted that Shields

had reported that he could walk for one hour a day and could lift up to twenty pounds.

The court also considered that Shields had injured his leg playing basketball after

3

reporting that he was disabled. The District Court concluded that the record demonstrates substantial evidence that Shields could have performed available light sedentary work.

Shields's personal responsibility for the failure to prosecute, his history of dilatoriness, and the apparent lack of merit in his claim weigh in favor of dismissal. Accordingly, the District Court did not abuse its discretion in dismissing the complaint without prejudice. Because the appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.